UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAIRD LANDS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-05365-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 50 |

Plaintiff Scott Johnson sues for alleged violations of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53. Dkt. No. 1. He claims that, due to architectural barriers at the Jason's Café restaurant ("the Restaurant") in Menlo Park, California, he was denied full and equal access to the facilities there during his visits on March 21, 2018, March 27, 2018, June 1, 2018, and June 26, 2018. Dkt. No. 1 ¶ 12; *see also* Dkt. No. 50-1 at 2.

Mr. Johnson now moves for summary judgment on all claims. Dkt. No. 50. Defendants Baird Lands, Inc. ("Baird Lands") and Jason's Café, Inc. ("Jason's Café") oppose. Dkt. No. 53. The Court heard oral argument on Mr. Johnson's motion on January 28, 2020. Dkt. No. 56. Having considered the parties' submissions and arguments made at the hearing, the Court grants in part and denies in part Mr. Johnson's motion for summary judgment.

## I. BACKGROUND

Unless otherwise indicated, the following facts are undisputed.

Mr. Johnson is a level C-5 quadriplegic who relies on a wheelchair for mobility. Dkt. No. 50-4 ¶ 2. He also has significant manual dexterity impairments. *Id.* Mr. Johnson has been issued

1  a Disabled Person Placard by the California Department of Motor Vehicles and drives a specially

2  equipped van with a lift that deploys from the passenger side to accommodate his wheelchair. *Id.*

3  ¶ 3.

4      At the time of Mr. Johnson's four visits to the Restaurant, Jason's Café owned and operated the Restaurant, which was located on real property owned by Baird Lands. *Id.* ¶ 4; Dkt. No. 11 ¶¶ 2-7. On March 21, 2018, Mr. Johnson visited the Restaurant for the first time. Dkt. No. 50-4 ¶ 4. He observed a wall-mounted sign indicating parking for persons with disabilities. *Id.* ¶ 5. One of the parking spaces to the right of that sign contained a faded International Symbol of Accessibility ("ISA") on its surface, but that parking space was obstructed by items placed in the space, preventing anyone from parking there. *Id.* ¶ 6. There were no other markings or signs indicating parking reserved for persons with disabilities. *Id.* ¶ 7. None of the parking spaces was outlined in blue paint, and none of them had a striped access aisle. *Id.* ¶ 8. Because no van-accessible parking spaces were available, Mr. Johnson left. *Id.* ¶ 10. He returned to the Restaurant again on March 27, 2018, June 1, 2018, and June 26, 2018 and found the same conditions preventing him from parking. *Id.* ¶ 12.

    On August 17, 2018, Hedal Kadric, Mr. Johnson's investigator, visited the Restaurant. Dkt. No. 50-6 ¶ 3. He observed that the Restaurant's parking lot contained approximately 17 parking spaces. *Id.* at ¶ 4. He also observed a wall-mounted sign indicating van accessible parking, a parking space painted with a faded ISA, and items obstructing that parking space. *Id.* ¶ 5. Mr. Kadric also observed the absence of any parking spaces outlined in blue paint or adjacent to any access aisles. *Id.* ¶¶ 6-7.

    Mr. Johnson filed this action on August 30, 2018, alleging architectural barriers in the form of inaccessible parking and entrance door hardware that required tight grasping. Dkt. No. 1 ¶¶ 15-26.

    On August 20, 2019, Mr. Kadric returned to the Restaurant. Dkt. No. 50-6 ¶ 8. He found the parking lot in the same condition as on his previous visit. *Id.* ¶ 9. Mr. Kadric observed a note on the entrance door stating that the Restaurant had been closed as of May 1, 2019. *Id.* ¶ 10, Ex. 6 at 4.

On August 27, 2019, defendants filed a status report stating that Baird Lands had sold the real property and transferred title on July 26, 2019 to a married couple: Jason V. Quan and Phuong Yen Ha. Dkt. No. 45. Defendants did not inform the Court—nor, it seems, Mr. Johnson—until they filed their January 10, 2020 opposition brief to Mr. Johnson's summary judgment motion that Mr. Quan is the eponymous Jason of Jason's Café. *See id.*; Dkt. No. 50-1 at 14 n.84; Dkt. No. 53-1 ¶ 1. Mr. Quan's declaration submitted in opposition to summary judgment states that he is the Chief Executive Officer of Jason's Café and that Jason's Café permanently ceased operations at the Restaurant on May 1, 2019, with no plans to reopen. Dkt. No. 53-1 ¶¶ 1-2. He also testifies that Jason's Café filed a Certificate of Dissolution with the California Secretary of State on July 24, 2019—two days before he and his wife purchased the real property from Baird Lands. *Id.* ¶¶ 3-4. Mr. Quan states that he and his wife plan to remodel the entire property, including the parking lot, and intend to remodel as "necessary to comply with all applicable disabled access requirements." *Id.* ¶ 5. He does not state for what purpose he and his wife intend to use the property.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party meets its initial burden, the burden shifts to the non-moving party to produce evidence supporting its claims or defenses. *See Nissan Fire & Marine Ins.*, 210 F.3d at 1102. The non-moving party may not rest upon mere allegations or denials of the adverse party's

1 evidence, but instead must produce admissible evidence that shows there is a genuine issue of
2 material fact for trial. *See id*. A genuine issue of fact is one that could reasonably be resolved in
3 favor of either party. A dispute is "material" only if it could affect the outcome of the suit under
4 the governing law. *Anderson*, 477 U.S. at 248–49.

### III. DISCUSSION

#### A. ADA Claim

Title III of the ADA prohibits discrimination by places of public accommodation: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). For purposes of Title III, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." *Id*. § 12182(b)(2)(A)(iv). "Readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." *Id*. § 12181(9).

Defendants contend that Mr. Johnson's ADA claim is now moot because the Restaurant has permanently ceased operations and Baird Lands has sold the real property in question. Dkt. No. 53 at 2–3. They urge the Court to deny summary judgment as to that claim. *Id.* Before the Court may consider the substance of Mr. Johnson's ADA claim, it must first resolve the threshold issue of mootness and whether this Court possesses subject matter jurisdiction over the action. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."); *Price v. U.S. Gen. Servs. Admin.*, 894 F.2d 323, 324 (9th Cir. 1990) ("Before we may reach the merits, we must first consider whether the district court had subject matter jurisdiction over [the plaintiff's] claims.").

A claim may become moot if (1) subsequent events have made it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (citing *United States v.*

4

*Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968); *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985)). An ADA claim may become moot where a defendant sells the property or permanently closes the public accommodation operating at the property. *See, e.g.*, *Kohler v. Southland Foods, Inc.*, 459 F. A'ppx 617, 618 (9th Cir. 2011) (affirming summary judgment to defendants where restaurant's closure rendered ADA claim moot); *Wander v. Kaus*, 304 F.3d 856, 857–58, 860 (9th Cir. 2002) (affirming district court's ruling that plaintiff's ADA claim was moot following defendant's sale of the subject property).

Here, the parties do not dispute that the Restaurant has been closed since May 2019 with no definite plans to reopen as "Jason's Café" or even as a restaurant. Dkt. No. 53 at 1–2; Dkt. No. 54 at 2. The parties also do not dispute that Jason's Café has dissolved and that Baird Lands no longer owns the real property. Dkt. No. 50-1 at 3; Dkt. No. 53 at 1–2; *see* Dkt. No. 54.

Mr. Johnson contends that defendants have strategically shifted ownership interests in an effort to evade their ADA obligations, and that his claims should not be considered moot under these circumstances. Dkt. No. 54 at 1–2. Although Mr. Johnson does not explain how such "strategic ownership shifting" informs an analysis of whether the ADA claim is moot,[1] Mr. Johnson's thesis appears to be that the allegedly wrongful conduct can reasonably be expected to recur absent the injunctive relief afforded by the ADA. *Id.* (arguing that the responsible parties and violations remain unchanged because Jason's Café "effectively remains in control of the property but has not yet remediated the violations").

Mr. Quan testifies that he has plans to operate some kind of public accommodation on the subject property in the future, although it is not clear what the business will be or when it will be open to the public. Dkt. No. 53-1 ¶¶ 5-6. Nothing in the record before the Court suggests that the new business will be the same as Jason's Café's business. Mr. Quan states that he intends to remodel the property "to comply with all applicable disabled access requirements." *Id.* ¶ 5.

---

[1] The record before the Court reflects that Mr. Johnson has known since at least July 16, 2019 that Baird Lands sold the real property at issue. *See* Dkt. No. 38 at 3 (joint case management statement stating that the property had been sold and escrow was expected to close in two weeks). Fact discovery did not close until September 23, 2019, leaving Mr. Johnson ample time to seek discovery of the circumstances surrounding the sale and the relationship between the buyers and Jason's Cafe. Dkt. No. 42.

Because the only remedy available to Mr. Johnson under Title III is injunctive relief, the permanent closure of the Restaurant and sale of the property renders that prospective relief moot. 42 U.S.C. § 12188; *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) ("A request for injunctive relief remains live only so long as there is some present harm left to enjoin.") (quoting *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)) (internal quotation marks omitted); *Kohler*, 459 F. App'x at 618; *Wander*, 304 F.3d at 858 ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). In *Kohler v. Southland Foods*, the defendant closed the restaurant that was the subject of the plaintiff's ADA claim, and the district court concluded that the ADA claim became moot as of the time the restaurant ceased operations. 459 F. App'x at 618. In affirming that conclusion, the Ninth Circuit specifically relied on the absence in the record of any evidence that the access barrier violation at issue was the kind of violation that was capable of repetition but evading review. *Id.*

Because the undisputed facts show that the Restaurant is closed to the public and has permanently ceased operations, and because Baird Lands no longer owns the real property, the Court finds that there is nothing to enjoin with respect to either defendant. As Mr. Johnson has not demonstrated that the sale of the property to Mr. Quan and Ms. Ha alters this analysis, the Court concludes that his ADA claim is moot.

### B. Unruh Act Claim

Mr. Johnson argues that the closure of the Restaurant does not moot his Unruh Act claim for statutory damages arising from the barriers encountered during his visits, as a claim for statutory damages looks to past harm. Dkt. No. 54 at 2–4; *see also Arroyo v. Aldabashi*, No. 16-CV-06181-JCS, 2018 WL 4961637, at *5 (N.D. Cal. Oct. 15, 2018). Defendants do not disagree. The question is whether the Court should continue to exercise supplemental jurisdiction over the Unruh Act claim, having found Mr. Johnson's ADA claim moot.

A district court "may decline to exercise supplemental jurisdiction" if, as here, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). However, the court has discretion to keep a state law claim, taking into account considerations of "judicial

6

economy, convenience, fairness, and comity." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).

Given the advanced stage of this action and the parties' efforts to brief and argue the merits of Mr. Johnson's motion for summary judgment, the Court concludes that considerations of judicial economy, convenience, and fairness to all parties support the Court's exercise of its discretion to retain jurisdiction of Mr. Johnson's Unruh Act claim. *See, e.g.*, *Johnson v. Cala Stevens Creek/Monroe, LLC*, 401 F. Supp. 3d 904, 910–11 (N.D. Cal. 2019) (finding that closure of spa mooted plaintiff's ADA claim and exercising supplemental jurisdiction over plaintiff's Unruh Act claim). The Court is aware of no considerations of comity with respect to the state court that weigh against this Court's continued exercise of jurisdiction over Mr. Johnson's Unruh Act claim. *See Carnegie-Mellon Univ.*, 484 U.S. at 352 (1988) (discussing potential comity concerns). Accordingly, the Court will consider Mr. Johnson's motion for summary judgment with respect to his Unruh Act claim on the merits.

Mr. Johnson moves for summary judgment that defendants violated the Unruh Act based on conduct that violates Title III of the ADA. Dkt. No. 50-1 at 15–17; Cal. Civ. Code § 51(f) ("Any violation of the ADA necessarily constitutes a violation of the Unruh Act."). A violation of Title III of the ADA requires a showing that (1) Mr. Johnson is disabled within the meaning of the ADA; (2) defendants are private individuals or entities that own, lease, or operate a place of public accommodation; and (3) defendants denied Mr. Johnson public accommodations because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Where the alleged ADA violation is based on architectural barriers, Mr. Johnson "must also prove that: (1) the existing facility presents an architectural barrier prohibited under the ADA; and (2) the removal of the barrier is readily achievable." *Ridola v. Chao*, No. 16-cv-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (citations omitted). Where the removal of a barrier is not readily achievable, Mr. Johnson may still prove discrimination by showing that defendants failed "to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

The parties do not dispute that at the time of each of Mr. Johnson's visits to the Restaurant,

7

he was disabled within the meaning of the ADA; that the Restaurant was a place of public accommodation; and that defendants are private individuals or entities that owned, leased, or operated the Restaurant at the time of Mr. Johnson's visits. Dkt. No. 50-1 at 7; Dkt. No. 53. Defendants also do not dispute that the parking lot adjacent to the Restaurant lacked an accessible parking space, or that removal of that barrier was readily achievable. *See* Dkt. No. 53. For this reason, the Court concludes that Mr. Johnson has demonstrated a violation of the ADA that also constitutes a violation of the Unruh Act, and that he is entitled to judgment as a matter of law on this point.

In his complaint, Mr. Johnson also claimed that he personally encountered door hardware at the entrance to the Restaurant that impeded his access because the panel-style hardware required tight grasping. Dkt. No. 1 ¶¶ 21-24. However, in support of his motion for summary judgment, Mr. Johnson testifies that on each of his visits to the Restaurant, he was unable to even park his van and therefore left the premises without attempting to enter the Restaurant. Dkt. No. 50-4 ¶¶ 10-13. He does not say anything about personally encountering the door hardware in his declaration. *See id.* On this record, there is at least a genuine issue of material fact regarding whether Mr. Johnson personally encountered the door hardware. The Court therefore denies Mr. Johnson's motion for summary judgment on this point.

### C. Requested Relief

The Unruh Act provides a minimum statutory damages award of $4,000 "for each occasion an individual is denied equal access to an establishment covered by the Unruh Act . . . ." *Ridola*, 2018 WL 2287668, at *15 (citing Cal. Civ. Code § 52(a)). A plaintiff "need not prove [he] suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731.

Because the Court finds that Mr. Johnson has demonstrated that he personally encountered an access barrier (inaccessible parking spaces) during his visits to the Restaurant, he is entitled to an award of statutory damages. Mr. Johnson argues for an award of statutory damages of $4,000 *per defendant* for a total of $8,000. Dkt. No. 50-1 at 15–17; *but see* Dkt. No. 54 at 4 ("The plaintiff's Unruh claim is for a single statutory penalty of $4,000."). Defendants do not address

8

this issue at all in the opposition brief. *See* Dkt. No. 53.

As discussed above, the Unruh Act specifically refers to statutory damages for "occasion[s]" on which an individual is denied equal access. Cal. Civ. Code § 55.56. Nothing in the statute suggests that the award varies depending on the number of defendants responsible for the denial of access. Mr. Johnson cites *Lentini v. California Center for the Arts*, 370 F.3d 837 (9th Cir. 2004), for the proposition that each named defendant should be deemed individually and separately liable for the full statutory amount. Dkt. No. 50-1 at 16–17.

The Court disagrees with Mr. Johnson's reading of *Lentini.* In that case, the Ninth Circuit affirmed the district court's award of statutory damages of $7,000 against the California Center for the Arts and two individual employees of the Center, jointly and severally. *Lentini*, 370 F.3d at 842. The Ninth Circuit further affirmed the award of $5,000 and $1,000 against the two employees based on their personal liability under the ADA as incorporated in the Unruh Act as individuals in the position of authority and their use of that discretionary authority to perform discriminatory acts. *Id.* at 849–59; *see also Lentini v. Cal. Center for the Arts*, No. 3:99-cv-01783-J-LAB, Dkt. No. 63, ¶¶ 53-56, 103-105 (S.D. Cal. Aug. 19, 2001). Here, Mr. Johnson does not seek damages for acts of discrimination committed by individuals in their discretionary authority; rather, Mr. Johnson seeks statutory damages for his encounter with the same access barrier (inaccessible parking) for which both defendants are jointly responsible. The Court notes that at least one other district court recently rejected the same argument Mr. Johnson makes here based on *Lentini*. *Langer v. Hernandez*, No. CV 19-2540-DMG (JPRx), 2019 WL 7899950, at *2 n.1 (C.D. Cal. Dec. 9, 2019) (awarding $4,000 in statutory damages against two defendants for "one personally-encountered construction-related accessibility issue").

Accordingly, the Court finds that Mr. Johnson is entitled to an award of $4,000.

## IV. CONCLUSION

Based on the foregoing, Mr. Johnson's motion for summary judgment is granted in part and denied in part as follows:

1. The motion as to the ADA claim is DENIED as moot; the Court dismisses the ADA claim for lack of subject matter jurisdiction.

9

2. The motion as to the Unruh Act claim is GRANTED as to the inaccessible parking but DENIED as to the door hardware.

3. Mr. Johnson is entitled to an award of statutory damages of $4,000, for which defendants are jointly and severally liable.

**IT IS SO ORDERED.**

Dated: February 28, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge